**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KLAUBER BROTHERS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHAVEL ASSOCIATES, INC., a New Jersey corporation; BED BATH & BEYOND, a Delaware corporation; BOSCOV'S, INC., a Pennsylvania corporation; BLUESTEM SALES, INC., doing business as FINGERHUT, a Delaware corporation; HOME DEPOT, INC., a Delaware corporation; J. C. PENNEY CORPORATION, INC., a Delaware corporation; MACY'S, INC., a Delaware corporation; QVC, INC., a Delaware corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware corporation; WALMART INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Civil Action No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff Klauber Brothers, Inc., a New York corporation, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1

COMPLAINT

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.    Plaintiff Klauber Brothers, Inc. ("Klauber" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

5.    Plaintiff is informed and believes and thereon alleges that Defendant Shavel Associates, Inc. ("Shavel") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 13 Roszel Road, Princeton, New Jersey 08540, and is doing business with the State of New York.

6.    Plaintiff is informed and believes and thereon alleges that Defendant Bed Bath & Beyond Inc. ("BB&B") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 650 Liberty Avenue, Union, New Jersey 07083, and is doing business in and with the State of New York.

7.    Plaintiff is informed and believes and thereon alleges that Defendant Boscov's, Inc. ("Boscov's") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 4500 Perkiomen Avenue, Reading, Pennsylvania 19606, and is doing business in and with the State of New York.

8.    Plaintiff is informed and believes and thereon alleges that Defendant Bluestem Sales, Inc., doing business as Fingerhut (collectively, "Fingerhut"), is a corporation organized and existing under the laws of the State of Delaware principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344, and is doing business with the State of New York.

9.    Plaintiff is informed and believes and thereon alleges that Defendant The Home Depot, Inc. ("Home Depot") is a corporation organized and existing under the laws of the State of

COMPLAINT

Delaware with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339, and is doing business in and with the State of New York.

10.    Plaintiff is informed and believes and thereon alleges that Defendant J.C. Penney Corporation, Inc. ("JCP") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 6501 Legacy Drive, Plano, Texas 75024, and is doing business in and with the State of New York.

11.    Plaintiff is informed and believes and thereon alleges that Defendant Macy's, Inc. ("Macy's") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 7 West Seventh Street, Cincinnati, Ohio 45202 and is doing business in and with the State of New York.

12.    Plaintiff is informed and believes and thereon alleges that Defendant QVC, Inc. ("QVC") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1200 Wilson Drive, West Chester, Pennsylvania 19380, and is doing business with the State of New York.

13.    Plaintiff is informed and believes and thereon alleges that Defendant Kohl's Department Stores, Inc. ("Kohl's") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051, and is doing business in and with the State of New York.

14.    Plaintiff is informed and believes and thereon alleges that Defendant Walmart Inc. ("Walmart") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716, and is doing business in and with the State of New York.

15.    Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of products to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying products

3

COMPLAINT

bearing lace manufactured with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

16. Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

17. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGNS 7010

18. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of lace production. It allocated this design an internal design number 7010 ("Subject Design A"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

19. Plaintiff owns a United States Copyright Registration covering Subject Design A.

COMPLAINT

20.      Prior to the acts complained of herein, Plaintiff sampled and sold lace bearing Subject Design A to numerous parties in the retail and apparel industries.

21.       Following this distribution of product bearing Subject Design A, Plaintiff's investigation revealed that certain entities within the retail industries had misappropriated Subject Design A, and were selling fabric and products bearing illegal reproductions and/or derivations of Subject Design A.

22.      Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Shavel, BB&B, Boscov's, Fingerhut, Home Depot, JCP, Macy's, QVC, Kohl's, Walmart, and others, including certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or products incorporating fabric that bears artwork identical to or substantially similar to Subject Design A ("Infringing Product A"). Such items include but are not limited to the products:

    a.   Sold by Shavel;

    b.   Sold by BB&B featuring the product description "Micro Flannel ® Lace Edged Sheet Set";

    c.   Sold by Boscov's under Item No. 502690 featuring the product description "Shavel Home Products Micro Flannel ® Lace Sheet Set";

    d.   Sold by Fingerhut under Item No. NPHKE featuring the product description "Micro Flannel Victoria Lace Edged Sheet Set";

    e.   Sold by Home Depot under Item No. MFNVLTWMDW featuring the product description "Twin Meadow Lace Edged Sheet Set";

    f.   Sold by JCP under Item No. 7205006 featuring the product description "Micro Flannel ® Lace Edged Sheet Set";

    g.   Sold by Macy's under Item No. 6652415 featuring the product description "Shavel Micro Flannel® Lace Edged Sheet Set";

    h.   Sold by QVC under Item No. H291580 featuring the product description "Shavel Micro Flannel Lace Edged Queen Sheet Set";

COMPLAINT

  i. Sold by Kohl's featuring the product description "Micro Flannel® Lace Edged Sheet Set";

  j. Sold by Walmart under Item No. 565727412 featuring the product description "Shavel Home Products Micro Flannel Lace Edged Sheet Set."

23. Below is a comparison of Subject Design A with exemplars of Infringing Product A:



| **Subject Design A** | **Infringing Product Exemplar** |
|---|---|
| Klauber Design 7010 | Detail |

COMPLAINT

24.     A more detailed comparison is provided below:



25.     The above comparisons make apparent that the elements, composition, colors, arrangement, layout, and appearance of the design on the items is substantially similar to the design at issue.

**<u>FIRST CLAIM FOR RELIEF</u>**

(For Copyright Infringement – Against All Defendants, and Each)

26.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A and/or Subject Design B (collectively, the "Subject

7

COMPLAINT

Designs") including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers.

28.     Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were illegal derivations or modifications thereof.

29.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a network of retail stores, catalogues, and through on-line websites.

30.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

31.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

32.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

COMPLAINT

33.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

34.    Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

35.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

36.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

37.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

38.    Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

COMPLAINT

39.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

40.    Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a) That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b) That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c) That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d) That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e) That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f) That Plaintiff be awarded pre-judgment interest as allowed by law;

g) That Plaintiff be awarded the costs of this action; and

COMPLAINT

h)  That Plaintiff be awarded such further legal and equitable relief as the Court

deems proper.


Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the

7th Amendment to the United States Constitution.


Respectfully submitted,


Dated: October 8, 2019                By:    _____

Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
scott@donigerlawfirm.com
Attorneys for Plaintiff


11

COMPLAINT